FILED
U.S. District Court
District of Kansas

AUG 3 1 2017

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**CARLOS FRANCISCO MARTIN,**

    **Defendant.**

CASE NO.   **17-10057-EFM**

# PLEA AGREEMENT
(Fed.R.Crim.P. 11(a))

    The United States of America, by and through Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, and Rebecca A. Magnone, Trial Attorney, DOJ Counterterrorism Section, and Carlos F. Martin, the defendant, personally and by and through his counsel, David J. Freund, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

    1.    **Defendant's Guilty Plea.**   The defendant agrees to enter a plea of guilty to the single-count Information filed in this case, and to stipulate to the application of United States Guideline section 2K1.3(b)(3) (possession of an explosive in connection with another felony offense). The Information charges a violation of Title 18, United States Code, Section 844(d), that is, attempting to receive, in interstate or foreign commerce, an explosive with the knowledge

or intent that it would be used to intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property. By entering into this plea agreement, the defendant admits to knowingly committing this offense and to being guilty of the offense. The defendant understands the maximum sentence that may be imposed as to Count One of the Information to which he has agreed to plead guilty is a term of ten years (18 U.S.C. § 844[a][1]), a term of supervised release of not more than three years (18 U.S.C. § 3583[b][2]), a fine not to exceed $250,000 (18 U.S.C. § 3571[b][3]), and a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)).

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The defendant accessed an unnamed website that serves as an online marketplace and sales platform enabling vendors and buyers who are users of the site to conduct anonymous transactions online for the sale of a variety of illegal goods, including but not limited to biological agents, toxins, chemicals, firearms, ammunition, explosives, narcotics and counterfeit goods. The network on which this website operates enables its users to hide their identities, as well as their physical locations.
>
> Individual users who establish buyer and or seller accounts on this website have the ability to communicate with one another using a built-in private messaging feature. The private messaging feature is similar to an email account where messages are sent and received and can be retrieved even if the user is not logged in at the time the message was sent.
>
> The primary form of payment used on this website is a digital currency known as bitcoins (BTC). BTC are known by law enforcement to be utilized by cyber criminals given the ease with which they can be used to move money in relative anonymity.
>
> On or about November 27, 2016, a user (User #1) on this website observed an unsolicited private message sent by the defendant. The private message was entitled "[explosive]." Then, in late November 2016, User #1 received an unsolicited message from the defendant inquiring about the purchase of an explosive device. The original

2

message that the defendant sent contained the following language: "Hey I need explosive I can throw and be impressed with how much for a [explosive]?"

On or about December 3, 2016, the defendant inquired about the price for one explosive and stated the following: "I have .1167 bitcoin is that enough for 1? If not how much for 1?" On the same day, User #1 replied to the defendant offering to sell the explosive for BTC .165, including postage to the United States. In response, the defendant stated the following: "yea sounds good I won't be able to get more till Monday."

On or about December 6, 2016, the defendant purchased one item from User #1 on the unnamed website for the amount of BTC .1644. On December 6, 2016, BTC .1644 was equivalent to approximately $123.48. User #1 received a sale summary for the purchase, which revealed the item to be the [explosive]. In the buyer notes of the sale summary the defendant provided the following delivery information:

> Carlos Martin
> 408 North ST
> Coffeyville KS, 67337
> United States of America

A review of the purchase order revealed the defendant has placed twenty-seven orders on the unnamed website, totaling BTC 5.9225. On December 6, 2016, BTC 5.9225 was equivalent to approximately $4,448.62. All twenty-seven orders were for illegal drugs, no other explosives were purchased.

On December 7, 2016, the defendant stated the following regarding the intended use of the explosive: "This first one I want to go out and try somewhere I got a place in the middle of no where to try it out …Can you tell me what I do to make it live? Also do you have anything with a detonator like I could place walk away and then explode?" The defendant went on to state the following regarding the use of explosives: "I want to get an explosive I can detonate next time but I want it to do the same or more damage than the [explosive].. I just wanted to know what I could expect after I tried the [explosive]." "I want to sneak up put it on truck and use from a safe distance. I want to blow up a truck."

On December 19, 2016, the FBI conducted a controlled delivery of a package at 408 W. North Street, Coffeyville, Kansas by the United States Postal Service. The package contained an inert version of the explosive device that the defendant had ordered. The package was received and

3

signed for at approximately 9:10 am on December 19, 2016, by the
defendant. The package contained a device designed to notify agents
when the package was opened, and agents had obtained a warrant allowing
them to enter the premises and arrest whomever had opened the package.
Shortly after the defendant took receipt of the package, agents received
notification that the package had been opened. Agents immediately
entered the residence and arrested the defendant. A firearm, specifically a
Beretta .22 caliber semi-automatic pistol, was found in the defendant's
home, and the defendant admitted that he was the owner. Agents also
found 202 tablets that tested positive for MDMA, a controlled substance. .

The defendant was an adult at all times relevant to this case. He admits
that the prior purchases of illegal drugs totaling more than $4,400 were for
purposes of distribution, as were the MDMA tablets found in his house,
and that he was in fact engaged in the illegal distribution of drugs, a felony
offense. He admits that he attempted to purchase the explosive device
with the intent to intimidate another individual – a rival drug dealer – by
using the explosive to damage or destroy that other individual's vehicle.
Finally, the defendant admits that he attempted to purchase the explosive
device in connection with his drug dealing, which is a felony offense.

    3.    **Application of the Sentencing Guidelines.**    The parties recognize that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and agrees to waive all constitutional challenges to the validity of the Guidelines. The parties stipulate and agree to the following with regard to the Guidelines:

    a.    In accordance with U.S.S.G. § 2K1.3, the defendant's adjusted offense level for Count One is 18. The offense level begins at 12, but U.S.S.G. § 2K1.3(b)(3) provides: "If the defendant … used or possessed any explosive material in connection with another felony offense; or possessed or transferred any explosive material with knowledge, intent, or reason to believe that it would be used or

4

        possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18." The defendant stipulates to application of this enhancement and that the adjusted offense level for this violation of § 844(d) is therefore **18.**

    b.    The United States agrees that the defendant's entry of plea is timely for purposes of U.S.S.G. § 3E1.1(b).

    c.    The defendant's criminal history category is category I. The Sentencing Guidelines range for offense level 15 (adjusted offense level 18, reduced three levels for acceptance of responsibility, for a total offense level of 15), criminal history category I is 18 months to 24 months.

    d.    The parties agree that they will not seek a departure or variance from the "applicable guideline range" (U.S.S.G. §5C1.1).

**4.** **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that any uncharged related criminal activity will be considered as relevant conduct for purposes of calculating the offense level for Count One of the Information, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

**5.** **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.    To not file any additional charges against the defendant arising out of the facts forming the basis for the present Information; and

    b.    To recommend the defendant receive full credit under U.S.S.G. § 3E1.1 for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

The government's obligation concerning its agreements listed in ¶ 5 is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true,

willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the government reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the government shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights that might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure 11(f), Federal Rules of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the government as follows:

   a.  Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

   b.  Defendant agrees to provide all information concerning his knowledge of, and participation in, the offense charged in the Information and all related conduct; and

   c.  Defendant agrees that if the government determines he has not provided full and truthful cooperation, or has committed any local, state, or federal crime between

the date of this plea agreement and his sentencing, or has otherwise violated any other provision of this plea agreement, or has violated the terms and conditions of his release while on bond as required by the Court, the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon leads derived therefrom, and this information may be used as evidence against the defendant. In addition, the defendant's previously-entered plea of guilty will remain in effect and cannot be withdrawn.

7. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The government cannot and has not made any promise or representation as to what sentence the defendant will receive.

8. **Information Provided by Defendant.** The government agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the government; (2) revealed to the government by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement. The defendant has not cooperated and is not eligible for relief under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e).

**9.     Withdrawal of Plea Not Permitted.**     The defendant understands that if the Court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

**10.     Payment of Special Assessment.**     The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**11.     Waiver of Appeal and Collateral Attack.**     The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release).   The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.   By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court.   The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Federal Rule of Civil Procedure 60(b).   In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs or varies upward from the applicable sentencing guideline range determined by the court or imposes an

upward variance. However, if the government exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**12.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**13.** **Full Disclosure by United States.** The defendant understands the government will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count or the Information to which the defendant has pleaded guilty. The government may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The government further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide

information concerning the offense and to make recommendations to the court and the United States Probation Office.

**14.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**15.** **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

**16.** **Knowing and Voluntary Waiver**. The defendant acknowledges that he is entering into this agreement and is pleading guilty because he is guilty. The defendant further admits that no threats or promises of any sort have been made to induce a plea of guilty in this case. The decision by the defendant to enter a plea of guilty is made after full and careful thought, with the advice of counsel, and with a full understanding of his rights, the facts and

circumstances of the case, and the consequences of the plea.   The defendant is entering into this agreement knowingly, freely, and voluntarily.

_(signed)_ Date: 8/31/17
Anthony W. Mattivi
Assistant United States Attorney

_(signed)_ Date: 8/31/17
Rebecca A. Magnone
Trial Attorney

_(signed)_ FOR Date: 8/31/17
Debra Barnett
Criminal Chief

_(signed)_ Date: 8/31/17
Carlos F. Martin
Defendant

_(signed)_ Date: 31 August 2017
David J. Freund
Counsel for Defendant